IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY A. MILLER,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0612 |
| C.A.D.E.S., CHILDREN &<br>ADULT DISABILITY<br>EDUCATIONAL SERVICES, *et al.*,<br>Defendants. | : | |

## MEMORANDUM

**PRATTER, J.**                                                              **FEBRUARY 25, 2020**

Plaintiff Gregory A. Miller, a prisoner incarcerated at SCI Phoenix brings this civil action, pursuant to 42 U.S.C. § 1983, against CADES/Children and Adult Disability Education Services ("CADES"), an unnamed defendant (identified in the Complaint as the Residential Program Director of CADES), Zakia Wootson-Scott, and Jane Doe. Mr. Miller seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Miller leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     **FACTUAL ALLEGATIONS**

The Complaint brought by Mr. Miller seeks to constitutional claims pursuant to 42 U.S.C. § 1983 against the Defendants in their official and individual capacities. Mr. Miller avers that on September 28, 2012, a caregiver - who was employed by CADES - abused his daughter, Diane Flamer, by pulling her arm and hitting her in the head. (ECF No. 2 at 5.)[1] Mr. Miller avers that four months after the incident, Ms. Flamer had to undergo brain surgery. (*Id.*) By

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

1

January 2013, as a result of the abuse inflicted, Mr. Miller contends that his daughter's seizures worsened. (*Id.*) Mr. Miller further asserts that in the hours leading up to her death on November 16, 2016, an employee at CADES "failed to make [her] round as prescribed by policy" and no "checks" had been made on Ms. Flamer's welfare. (*Id.* at 6.) Mr. Miller submits that the foregoing is "self-evident of wrongful death, medical mal-practice, . . .an unmentionable breach of duty[,]" and "blatant deliberate indifference." (*Id.*) Mr. Miller seeks damages in the amount of $1.5 million for the untimely loss of his daughter, and for pain and suffering associated with her death. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Mr. Miller leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v.*

---

[2] However, as Mr. Miller is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

*Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Mr. Miller is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims on Behalf of the Estate of Diane Flamer

Mr. Miller asserts that he is the father of the decedent and represents his daughter's estate and identifies one of the Plaintiffs in this matter as "In re of: Diane Flamer Estate." (ECF No. 2 at 1, 5, 7.) It appears, therefore, that Mr. Miller is attempting to represent his daughter's estate in this matter. "Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654; *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

The United States Supreme Court in *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993), reinforced the rule that corporations and other artificial entities may appear in federal court only through counsel. Accordingly, there is no authority for the proposition that an executor of an estate who is not an attorney may file suit on behalf of an estate such as this one. *See, e.g., In re Olick*, 571 F. App'x 103, 106 (3d Cir. 2014) (citing *Rowland*, 506 U.S. at 201–02) (other citation omitted) (finding that a *pro se* trustee may not represent the trust in federal court because he is not an attorney and without counsel the trust may not appear in federal court); *Caputo v. Forceno*, Civ. A. No. 15-1911, 2015 WL 2089401, at *2 (E.D. Pa. May 5, 2015)

3

("Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors.")).

Because Mr. Miller has failed to demonstrate that his daughter's estate has no other beneficiaries or creditors, he may not represent her estate.[3] In *Estate of Twardy v. Lakes of Larchmont Condo Ass'n*, Civ. A. No. 15-6501, 2016 WL 2901664, at *1 (D.N.J. May 18, 2016) (*pro se* plaintiff purporting to represent a decedent's estate must demonstrate that the estate has no other beneficiaries or creditors) (*citing Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (per curiam) (*pro se* litigant could not prosecute claims on behalf of estate/heirs).

### B. Claims on Behalf of Mr. Miller

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In the Complaint, Mr. Miller avers that "the negligence, wrongful death, medical mal-practice and blatant deliberate indifference of care-givers" caused the death of his daughter. (ECF No. 2 at 6.) Mr. Miller seeks "$1.5 million in damages for [his] untimely loss of his daughter for the pain and suffering associated with her death." (*Id.*)

It appears that CADES is a non-profit organization that provides certain services to people in need of those services. To the extent, therefore, that Mr. Miller is raising claims on his own behalf, any federal constitutional claims against CADES, Zakia Wootson-Scott, and the unidentified employees of CADES must be dismissed with prejudice pursuant to § 1915(e)(2)(B) because § 1983 claims against these non-state actors are not plausible. Section 1983 requires

---

[3] Even if Mr. Miller were able to demonstrate that he is the sole beneficiary and there are no creditors to his daughter's estate, the claims on behalf of the estate would, nonetheless, be precluded on the basis that none of the defendants are state actors, as discussed more fully below.

4

that an individual acting under color of state law engaged in the conduct allegedly violative of the Constitution. 42 U.S.C. § 1983.

Whether a defendant is acting under color of state law — *i.e.,* whether the defendant is a state actor —depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). There is no basis alleged in Mr. Miller's Complaint to determine that CADES or its employees are state actors. Accordingly, the federal constitutional claims asserted against them must be dismissed with prejudice.

In any event, Mr. Miller's claims appear to be time-barred. The Court understands Mr. Miller to be bringing claims pursuant to 42 U.S.C. § 1983 against Defendants for an alleged incident occurring on September 28, 2012 (ECF No. 2 at 5, 7), which he avers resulted in his daughter's untimely death on November 16, 2016. (*Id.* at 6-7, 17.) The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). The limitations period began to run when Mr. Miller " knew or

5

should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Here, it is apparent from the Complaint and attached exhibits that Mr. Miller was aware of the treatment of his daughter in 2012. He also knew or should have known of his daughter's death in 2016. He did not file his Complaint until 2020, so it is apparent from the face of the Complaint that his claims are time-barred. Hence, dismissal with prejudice is also appropriate for this reason as well.

Because the Court has dismissed Mr. Miller's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Because the parties to this suit are not diverse, Mr. Miller's state law claims against the Defendants will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Miller leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The federal

6

claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted, and his state law claims will be dismissed for lack of subject matter jurisdiction. Mr. Miller will not be permitted to file an amended complaint because the Court concludes that amendment would be futile. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.